IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE PATTON-BEY, | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION 06-0690-WS-C |
| U.S. PAROLE COMMISSION, et al., | : | |
| Respondents. | : | |

REPORT AND RECOMMENDATION

This action was referred to the undersigned pursuant 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2, and is now before the Court for Petitioner's failure to prosecute and to obey the Court's Orders (Docs. 3, 5).

Petitioner, an Alabama prison inmate proceeding pro se, on October 17, 2006, filed a "Petition for Preliminary Injunction/Temporary Restraining Order" (Doc. 1). Petitioner failed to pay the required filing fee of $350.00 or file a motion to proceed without prepayment of fees. Petitioner was ordered by November 27, 2006, to either pay the required filing fee or file a motion to proceed without prepayment of fees.

On November 7, 2006, Petitioner filed a motion to convert his "Petition for Preliminary Injunction/Temporary Restraining Order" into a § 2241 habeas corpus petition (see Docs. 1, 4). Petitioner did not file his petition on this Court's form and failed to pay the required filing fee of $5.00 or file a motion to proceed without prepayment of fees. The Court, again, ordered Petitioner by November 27, 2006, to complete and file this Court's form for a petition under 28

U.S.C. § 2254 and form for a motion to proceed without prepayment of fees (Doc. 5). Petitioner was sent the petition form and a motion to proceed without prepayment of fees form. Petitioner was warned that his failure to comply with the Court's Order within the prescribed time would result in the dismissal of his action (Doc. 5). Although petitioner has informed the Court that a mistake was made when he was required to file his habeas on an irrelevant form, he has not paid a filing fee, filed an IFP petition or otherwise explained his failure to do so.

Due to Petitioner's failure to prove his IFP status or otherwise pay a filing fee of $5.00 as was required by the Court's Order of November 15, 2006 (Doc. 5), and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993). The Court has notified Petitioner on two occasions of his need to pay a filing fee or file an IFP

petition, yet he has chosen to do neither. It does not appear that affording him an additional opportunity would produce a different result.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this 7th day of December, 2006.

s/WILLIAM E. CASSADY  
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.      **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

         A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.